IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY PHENIS                                                                                                PLAINTIFF

v.                                    CIVIL NO. 08-2091

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gary Phenis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on July 21, 2005, alleging an inability to work since February 6, 2004, due to cervical herniated discs, pain and a numb right side. (Tr. 58). An administrative hearing was held on July 27, 2007, at which plaintiff appeared with counsel and testified. (Tr. 241-256).

By written decision dated November 2, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found plaintiff to have the following severe impairments: status post

anterior cervical fusion with residual pain in the neck and bilateral arms. (Tr. 17). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry ten pounds frequently, twenty pounds occasionally; to sit/stand/walk for a total six hours each in an eight-hour workday with normal breaks; and to occasionally work overhead bilaterally.[1] (Tr. 17-18). The ALJ found plaintiff had no other limitations. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as an assembler, a machine tender/off bearer and a poultry worker. (Tr. 22, 93-98).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on June 11, 2008. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 5,6).

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

---

[1] The court notes the RFC finding does not include the hours that plaintiff is able to sit, walk or stand. (Tr. 17). However, the hypothetical to the vocational expert does include this information. (Tr. 94).

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Sequential Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

### III. Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. *See Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater,* 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir. 1995).

The new evidence submitted to the Appeals Council reflects the following. On February 21, 2008, plaintiff underwent a CT scan of the lumbar spine showing small intrarenal stones bilaterally without obstructive change; far-right posterolateral disc protrusion at L1-2, nerve root compression not excluded; disc bulge at L3-4; small broad bulge versus protrusion at L4-5, more prominent left posterolateral; and probable very small left paracentral disc protrusion at L5-S1. (Tr. 239-240).

In the present case, the medical evidence reflects plaintiff complained of mid to lower back pain. Plaintiff also testified at the hearing that along with his chronic neck pain he suffered from back pain. (Tr. 251). The ALJ found recent medical records indicated plaintiff's level of pain had been successfully managed with cervical epidural injections and was well controlled with prescription medications. (Tr. 21). A review of the medical record fails to show plaintiff's treating pain specialists opined as to whether the injections were controlling plaintiff's pain. Furthermore, had the ALJ had this objective medical evidence supporting plaintiff's complaints of back pain before him when making his decision on this case, the outcome may very well have been different. Accordingly, we believe that remand is necessary to allow the ALJ to consider this new and material evidence. We further recommend the ALJ obtain a RFC assessment from an examining or consultative physician.

The ALJ should then re-evaluate plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of August, 2009.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)